81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Peter RIVAS-SALAZAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70779.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided April 3, 1996.
 
 1
 BEFORE: HALL and BRUNETTI, Circuit Judges, and WEINER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 I.
 
 3
 David Peter Rivas-Salazar petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") denial of asylum and withholding of deportation. He challenges the BIA's finding that he failed to demonstrate eligibility for asylum or withholding of deportation as prescribed by Immigration and Nationality Act sections 208(a) and 243(h).
 
 II.
 
 4
 The burden of proof is on the petitioner to establish eligibility for asylum. INS v. Stevic, 467 U.S. 422 n. 16 (1984). We uphold the BIA's denial of asylum if it is supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 5
 Rivas-Salazar contends that he is eligible for asylum because he established that he was persecuted on account of his political activity as a student at Federico Villareal University. The BIA found that Rivas-Salazar failed to establish eligibility for asylum. First, it found that the petitioner failed to establish a reasonable belief that the men who attacked him were members of the guerrilla movement Sendero Luminoso. Second, the BIA found that the petitioner failed to indicate that he expressed a political opinion in refusing to attend the university. Third, the BIA found that at most, Rivas-Salazar had shown that like others at the university, he was a victim of random attacks by members of the Sendero Luminoso.
 
 
 6
 Rivas-Salazar testified that Federico Villareal University is supported by the political party APRA. Rivas-Salazar would also have us believe that the Sendero Luminoso imputed to him a particular political ideology on account of his attendance at an APRA-supported university. While it is the case that one's affiliation with a politically oppressed group may raise an inference of political persecution, see C.F.R. § 208.13(b)(2)(i), Rivas-Salazar has not presented evidence sufficient to support such a claim. Like a majority of the students at the university, he participated in political rallies and put up posters as an implicit condition of his attendance at the university. His activity could be labeled as political. On the other hand, his activity could be labeled as non-political since it was an implicit condition of his attendance at the university. Rivas-Salazar presented no evidence to indicate that his activities were based on his political opinion. In fact, the BIA noted that the petitioner did not attend the university for political reasons, but rather for a purely economic reasons.
 
 
 7
 "The ordinary meaning of the phrase 'persecution on account of ... political opinion' in § 101(a)(42) is persecution on account of the victim's political opinion, not the persecutor's." Elias-Zacarias, 502 U.S. at 482. Although the Sendero Luminoso guerillas may have targeted Rivas-Salazar because he was a student at the university sponsored by a political party that opposed their political ideology, this evidence alone is not sufficient to establish persecution on account of political opinion. Rivas-Salazar presented no evidence of his political opinion.
 
 
 8
 The petitioner also contends that he left Peru because he was fearful that the Sendero Luminoso would forcibly recruit him. The refusal to join a guerilla organization, alone, does not establish a well-founded fear of persecution because of a political opinion. Id. at 483. Since petitioner has not established what, if any, political opinion he held, he has failed to demonstrate the necessity to reverse the BIA finding to the contrary. Pursuant to Elias-Zacarias, we uphold the BIA's denial of asylum because it is supported by reasonable, substantial, and probative evidence in the record.
 
 III.
 
 9
 Rivas-Salazar argues that he deserves a new evidentiary hearing in order for him to attempt to satisfy the requirements of Elias-Zacarias. He contends that during the pendency of his appeal of the IJ's decision to the BIA, the Supreme Court issued its opinion in Elias-Zacarias. He cites to Fisher v. INS, 37 F.3d 1371, 1377 (9th Cir.1994) as authority. Fisher has been amended and superseded. Fisher v. INS, 61 F.3d 1366 (9th Cir.1994), reh'ing en banc granted. He cites no other authority to support his proposition that he should get a second bite at the apple. This argument is meritless and, in any event, his "new" evidence would not change the result.
 
 IV.
 
 10
 The well-founded fear standard for asylum requires less of an evidentiary showing than the clear probability standard for withholding of deportation. INS v. Cardoza-Fonseca, 480 U.S. 421, 428 (1987). Since Rivas-Salazar failed to provide sufficient evidence to support his eligibility for asylum, he also fails to show his eligibility for withholding of deportation.
 
 
 11
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3